**Arturo Jose PALACIOS, James B. Palacios**

v.

**UNITED STATES of America.**

**UNITED STATES of America**

v.

**Arturo Jose PALACIOS, James B. Palacios.**

Civ. No. Y–87–2604.
Crim. No. Y–85–013.

United States District Court,
D. Maryland.

Feb. 3, 1988.

Charles L. Jaffee, Hollywood, Fla., and William H. Murphy, Jr., Baltimore, Md., for plaintiff.

Breckinridge L. Willcox, U.S. Atty. for the State of Md., and Barbara S. Sale, Asst. U.S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Defendants Arturo Jose Palacios and James B. Palacios have filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2255 to set aside illegal sentences. They argue that this Court lacked jurisdiction to impose enhanced sentences upon them under the Bail Reform Act of 1984, 18 U.S.C. § 3147, for conspiring to distribute cocaine while released by the United States District Court for the Southern District of Florida pending trial. Defendants also contend that the Southern District of Florida did not warn them in advance of the penalties for committing a crime while on pretrial release as required by the Bail Reform Act, 18 U.S.C. § 3142(h)(2)(A).

On August 16, 1984, a federal grand jury in the United States District Court for the Southern District of Florida returned an indictment charging Arturo and James Palacios with conspiracy to distribute cocaine, possession with intent to distribute cocaine, conspiracy to import cocaine, and importation of cocaine. Defendants were released on bond pending trial. Shortly thereafter, the Bail Reform Act of 1984 went into effect on October 12, 1984.

Despite their brush with the law, Arturo and James Palacios continued to distribute cocaine.[1] As a result, on January 9, 1985, a federal grand jury in the United States District Court for the District of Maryland returned an indictment charging them with conspiracy to distribute cocaine, possession with intent to distribute cocaine, interstate travel to facilitate cocaine distribution, and committing such crimes while on pretrial release. On January 25, 1985, Arturo and James Palacios were convicted on all counts charged in the Southern District of Florida. Arturo was sentenced to ten years imprisonment, while James received a six year prison sentence with a three year special parole term on each of the four counts to run concurrent.

On July 11, 1985, Arturo and James Palacios pled guilty to conspiracy to distribute cocaine in the District of Maryland pursuant to plea agreements.[2] The Court sen-

---

1. Arturo Palacios, the older of the two Palacios brothers and perhaps the role model, demonstrated his disrespect for the law long before he was indicted in Florida in August 1984 for cocaine trafficking. In July 1974, he was found guilty and fined five hundred dollars for driving while intoxicated in Fairfax County, Virginia. The following year, he was fined twenty-five dollars for failure to answer a summons in the same jurisdiction. In February 1976, he was sentenced to ninety days imprisonment followed by five years probation in Falls Church, Virginia, for possession of cocaine. He was charged with violating the conditions of his probation in October 1983, when he tested positive for cocaine. He later received a suspended sentence in Fairfax County, Virginia, for driving while intoxicated and carrying a concealed weapon in October 1984. The petition for violation of probation was subsequently amended to include these charges, as well as the cocaine distribution charges from Florida and Maryland. United States District Court for the District of Maryland, Presentence Report for Arturo Jose Palacios (Aug. 15, 1985).

2. Before accepting the guilty pleas of Arturo and James ("Jaime") Palacios, the Court verified that defendants understood that they were subject to the mandatory enhanced sentence of the Bail Reform Act for having conspired to distribute cocaine while on release pending trial.

   Judge Young: Do each of you understand that by filing pleas of guilty to the first count of

tenced defendants to five years imprisonment for the narcotics violation and ten years imprisonment for committing a felony while on pretrial release, both terms to be served consecutively with each other and the prison terms imposed by the Southern District of Florida. Arturo and James Palacios subsequently filed several motions for reduction of sentence pursuant to Fed. R.Crim.P. 35(b), which the Court denied. Defendants also submitted two motions to correct illegal sentences pursuant to Fed.R. Crim.P. 35(a), which raised the same arguments provided in their current habeas petition. Accordingly, the Court will resolve defendants' Rule 35(a) motions and petition for habeas relief simultaneously.

■ Arturo and James Palacious argue that the ten year consecutive sentence imposed by this Court pursuant to the Bail Reform Act, 18 U.S.C. § 3147, was illegal on two grounds. First, they contend that only the Southern District of Florida could punish them under the Bail Reform Act for committing felonies while released pending

> this indictment [conspiracy to distribute cocaine], that you expose yourself to a maximum offense—the maximum penalty—which could be up to twenty years in prison and/or a fine of two hundred and fifty thousand dollars, together with a special assessment of fifty dollars. Do you understand that, Arturo?
> Arturo Palacios: Yes, your honor.
> Judge Young: And do you understand that, Jaime?
> James Palacios: Yes, your honor.
> Judge Young: And do you also understand, Jaime, that because this act was alleged to have been committed while you were on release under the Bail Reform Act, you are subject to a mandatory consecutive sentence of two to ten years incarceration. Do you understand that?
> James Palacios: Yes, your honor.
> AUSA Sale: That applies to Arturo as well, your honor.
> Judge Young: O.K.
> Arturo Palacios: Yes, your honor.
> Judge Young: And also to Arturo, again, this offense was committed while you were on release under the Bail Reform Act, and you are subject to a mandatory consecutive sentence of two to ten years incarceration. Do you understand that?
> Arturo Palacios: Yes, I do, your honor.
> Judge Young: Now do you admit, Jaime, that you are in fact guilty of the charges contained in count one?
> James Palacios: Yes, your honor.

trial. 18 U.S.C. § 3147 provides in pertinent part:

> A person convicted of an offense committed while released pursuant to this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—
> (1) a term of imprisonment of not less than two years and not more than ten years if the offense is a felony; ...
> A term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment.

This provision clearly states that the sentence enhancement for committing a crime while on release shall be added to the sentence for the crime committed during the release period.[3] In addition, the statute does not limit jurisdiction to impose the enhanced sentence to the federal court which originally released the defendant. Accordingly, this Court had jurisdiction to impose the enhanced sentence on defendants for violating their release conditions when it sentenced them for conspiring to distribute cocaine during their release period.[4]

> Judge Young: And Arturo, do you admit that you are in fact guilty of the charges contained in count one?
> Arturo Palacios: Yes, your honor, I do.
> United States District Court for the District of Maryland, Arraignment of Arturo Jose Palacios and James B. Palacios (July 11, 1985).

3. Defendants also argue that they cannot be sentenced to the ten year consecutive sentence pursuant to the Bail Reform Act for committing a felony while on pretrial release because they did not plead guilty to this specific offense as charged in count eight of the indictment. However, 18 U.S.C. § 3147 clearly provides that a defendant must receive the sentence enhancement for committing an offense while on release, "in addition to the sentence prescribed for the offense." By pleading guilty to conspiracy to distribute cocaine while on release pending trial, Arturo and James Palacios automatically exposed themselves to this additional sentence.

4. Defendants also argue that the Bail Reform Act, 18 U.S.C. § 3147, applies to both federal and state law crimes committed while on release. Accordingly, they argue that only the federal court authorizing the release can impose the enhanced sentence because otherwise, if the subsequent crime was a state law violation, the state court would lack jurisdiction to impose the additional sentence pursuant to the Bail Reform Act. Defendants fail to recognize that the scope

Arturo and James Palacios also argue that the ten year consecutive sentence imposed pursuant to the Bail Reform Act was illegal because the Bail Reform Act was not in effect when they were released by the Southern District of Florida and the court did not warn them of the increased penalties under this Act for committing an offense while on pretrial release. Defendants readily concede that the Bail Reform Act did go into effect before they engaged in cocaine distribution on pretrial release; accordingly, they admit that this Court did not apply the Bail Reform Act *ex post facto.*

Nevertheless, defendants argue that this Court cannot sentence them to the ten year consecutive term under the Bail Reform Act because the Southern District of Florida failed to warn them of the increased penalties under the Act. 18 U.S.C. § 3142(h) provides in pertinent part:

In a release order issued pursuant to the provisions of subsection (b) [release on personal recognizance or unsecured appearance bond] or (c) [release on conditions], the judicial officer shall—

(1) include a written statement that sets forth all the conditions to which the release is subject, in a manner sufficiently clear and specific to serve as a guide for the person's conduct; and

(2) advise the person of—

(A) the penalties for violating a condition of release, including the penalties for committing an offense while on pretrial release;

(B) the consequences of violating a condition of release, including the immediate issuance of a warrant for the person's arrest; ...

The government notes that in a similar case, in which the Bail Reform Act became effective after a defendant was released but before he committed a subsequent crime on release, the Fourth Circuit held that the defendant's sentence could not be enhanced pursuant to the Bail Reform Act because the notice requirements of 18 U.S.

C. § 3142(h) were not satisfied. *United States v. Cooper,* 827 F.2d 991, 995 (4th Cir.1987).

In *Cooper,* 827 F.2d at 994–95, the Fourth Circuit compared the Bail Reform Act with the District of Columbia Release and Detention Statute, D.C.Code Ann. §§ 23–1321 *et seq.,* which served in many respects as its model. *See* S.Rep. No. 225, 98th Cong., 2d Sess. (1984), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3188, 3190–91, 3195, 3200, 3203–04, 3209 [hereinafter "Senate Report"]. The court noted D.C.Code Ann. § 23–1328(b), which provides as follows:

The giving of a warning to the person when released of the penalties imposed by this section shall not be a prerequisite to the application of this section.

*Id.* By contrast, the court found that the Bail Reform Act lacks a comparable provision. *Id.* Although the legislative history of the Bail Reform Act is silent as to this discrepancy, the Fourth Circuit concluded that Congress purposefully omitted this particular provision from the Bail Reform Act in order to require the courts to warn defendants of the sanction imposed under the federal statute for crimes committed during release. *Id.*

After careful consideration, this Court respectfully distinguishes the Fourth Circuit's holding in *Cooper* from this case. The fact that Congress failed to incorporate a statutory provision from the D.C. Code into its Bail Reform Act does not indicate that it opposed this provision. Congressional silence does not mandate such an extreme interpretation. This is especially the case where, as here, the legislative history demonstrates congressional support for the goals of the omitted D.C. Code provision.

The Senate Judiciary Committee provided the following commentary regarding the Bail Reform Act's notice requirement, 18 U.S.C. § 3142(h):

Subsection (h) provides that in issuing an order of release under subsection (b) [re-

of the Bail Reform Act is indeed limited to federal crimes committed while on release. 18

U.S.C. § 3156(a)(2).

lease on personal recognizance or unsecured appearance bond] or (c) [release on conditions], the judicial officer is to include a written statement setting forth all the conditions of release in a clear and specific manner. He is also required to advise the person of the penalties applicable to a violation of the conditions and that a warrant for his arrest will be issued immediately upon such violation. *A similar provision exists in current law [18 U.S.C. § 3146(c) (1982)].* However, *failure to render such advice is not a bar or defense to prosecution for bail jumping* under section 3146, as amended by this title. *This principle is in keeping with the intent of Congress in enacting the Bail Reform Act and the judicial interpretation of the Act [United States v. Cardillo, 473 F.2d 325 (4th Cir.1973)]. The purpose of such advice is solely to impress upon the person the seriousness of failing to appear when required; such warnings were never intended to be a prerequisite to a bail jumping prosecution.* Subsection (h) also requires the court to advise a defendant being released of the provisions of 18 U.S.C. 1503, 1510, 1512, and 1513 dealing with penalties for tampering with a witness, victim, or informant. This is intended to impress on the defendant the seriousness of such conduct. *The issuance of such a warning is not a prerequisite to a prosecution under these sections of title 18 designed to protect witnesses, victims, and informants.*

Senate Report, *supra,* at 3208 (emphasis added). This legislative report demonstrates that Congress did not view fulfillment of the Bail Reform Act's notice provision as a prerequisite for the subsequent prosecution of a defendant for violation of his release conditions. In addition, the report indicates that a similar notice provision regarding the penalties for release condition violations was in existence before the Bail Reform Act of 1984 was enacted. Accordingly, while the Bail Reform Act of 1984 provided stiffer penalties for release condition violations, it left the notice requirements intact.

The Senate Report provides that the purpose of the notice provision is to "impress on the defendant the seriousness" of failing to appear or tampering with a witness, victim, or informant. *Id.* The report clearly states that satisfaction of the notice requirements is not a prerequisite for prosecution of a defendant for such offenses.[5] This Court agrees with the Fourth Circuit that the legislative history is silent regarding whether the notice requirements must be fulfilled to prosecute a defendant for committing a crime while on release. However, if satisfaction of the notice requirements is not mandatory to prosecute a defendant for failure to appear or tampering with a witness, victim or informant, it seems logical that the notice requirements need not be fulfilled to prosecute a defendant for an equally serious offense, namely committing a crime while on release.

Even if this Court were to accept the Fourth Circuit's finding that Congress required satisfaction of the notice requirements of 18 U.S.C. § 3142(h) to prosecute a defendant for violating his release conditions, the Senate Report clearly provides that a similar notice provision existed in the law before the Bail Reform Act of 1984 was enacted. The Senate Report cites 18 U.S.C. § 3146(c) (1982), which provides:

> A judicial officer authorizing the release of a person under this section shall issue an appropriate order containing a statement of the conditions imposed, if any, shall inform such person of the penalties applicable to violations of the conditions of his release and shall advise him that a warrant for his arrest will be issued immediately upon such violation.

While the current and former notice provisions may use different language, they both accomplish the same three goals,

---

**5.** The Senate Report cites *United States v. Cardillo,* 473 F.2d 325, 327 (4th Cir.1973), in which the Fourth Circuit acknowledged that the notice provision was "designed not as a prerequisite to subsequent prosecution, but in order to enhance its deterrent value of increased emphasis on criminal penalties." (quoting *United States v. DePugh,* 434 F.2d 548, 552–53 (8th Cir.1970), *cert. denied,* 401 U.S. 978, 91 S.Ct. 1208, 28 L.Ed.2d 328 (1971)).

namely informing the defendant of his conditions of release, the penalties for violating such conditions, and that a warrant for his arrest will be issued upon any such violation. Thus, while the Bail Reform Act of 1984 provided stiffer penalties for release violations, it did not change the notice requirements.[6]

The Southern District of Florida gave Arturo and James Palacious the same notice under 18 U.S.C. § 3146(c) (1982) that they would have received if they had been arraigned and released pending trial after the enactment of the Bail Reform Act of 1984. The fact that the Bail Reform Act increased the penalties for release condition violations is of no legal significance. The Palacios brothers were aware when they were released pending trial that they could be punished for violating the conditions of their release and for committing subsequent crimes. Having received this warning, they showed their complete disrespect for the law by continuing to distribute cocaine.

This Court acted properly in sentencing Arturo and James Palacios to five years imprisonment for conspiring to distribute cocaine, as well as ten years imprisonment for violating the conditions of their pretrial release pursuant to the Bail Reform Act of 1984, both terms to be served consecutively with each other and the prison terms imposed by the Southern District of Florida. Accordingly, defendants' motions to correct illegal sentences pursuant to Fed.R.Crim.P. 35(a) and petition for a writ of habeas corpus to set aside illegal sentences under 28 U.S.C. § 2255 are denied.

---

**6.** Defendants also argue that this Court deprived them of their due process rights by imposing the ten year consecutive sentence on them pursuant to the Bail Reform Act when they had not received prior notice of the mandatory enhanced sentence for release condition violations. This contention lacks merit because the Southern District of Florida adequately warned defendants of the penalties associated with violating their conditions of release. The fact that Congress enhanced the punishment for such offenses after defendants were released, but before they conspired to distribute cocaine, is of no legal significance.