William P. YOUNGWORTH,
III, Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. C–C–89–75–P (C–CR–87–28).

United States District Court,
W.D. North Carolina.

May 18, 1989.

William P. Youngworth, III, Petersburg, Va., pro se.

Max O. Cogburn, Jr., Asst. U.S. Atty., Asheville, N.C., for the U.S.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon a Memorandum and Recommendation for the Granting of Habeas Corpus Relief ("M & R"), filed March 22, 1989, by Magistrate Paul B. Taylor. Magistrate Taylor recommends that the Court grant Petitioner's Motion to Vacate, Set Aside, or Correct Sentence and vacate Petitioner's sentence imposed for a violation of section 3147 of Title 18 of the United States Code, charged in Count Two of C–CR–87–28. On April 3, 1989, the Assistant United States Attorney assigned to this case, Max O. Cogburn, filed the Government's Written Objections. On May 5, 1989, Mr. Cogburn filed the Government's Further Response and Request for Hearing.

### A. BACKGROUND

The Magistrate has set forth a detailed account of the facts, but in essence, Petitioner was indicted in C–CR–85–64–09 for his participation in a conspiracy to possess and distribute heroin and was granted pre-trial release. The Court imposed several conditions on Petitioner's release, one of which was that Petitioner not commit any offense under federal, state, or local law. While on release in C–CR–85–64–09, Petitioner was arrested and charged in Massachusetts for unlawfully carrying a firearm. Petitioner subsequently was convicted of the Massachusetts state offense and incarcerated.

Because of Petitioner's arrest and incarceration, Petitioner failed to appear for trial in C–CR–85–64–09. The Court, however, subsequently dismissed the charges against Petitioner in the Indictment in C–

CR–85–64–09. A federal grand jury convening in the Western District of North Carolina then indicted Petitioner in C–CR–87–28 in Count One for failing to appear for trial, in violation of section 3146 of Title 18 of the United States Code, and in Count Two for committing a state offense in Massachusetts while on pre-trial release, in violation of section 3147 of Title 18. Petitioner pleaded guilty to both offenses and was sentenced. Petitioner now challenges his sentence imposed under Count Two.

## B. THE MAGISTRATE'S M & R

In recommending that the Court vacate Petitioner's sentence in Count Two of the Indictment, the Magistrate concluded, first, that the term "offense" in section 3147[1] means a federal offense. The Magistrate concluded, second, that the sentence to be enhanced under section 3147[2] is the sentence for the offense for which a defendant is on release.

Section 636(b)(1)(C) of Title 28 of the United States Code provides that when objections are filed to a Magistrate's proposed findings or recommendations, the district court must conduct a *de novo* review of the specific findings or recommendations to which the objections are made. 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 1988); *see* Rule 8(b)(4) of the Rules Governing Section 2255 Proceedings. Further, section 626(b)(1)(C) authorizes district courts to "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S. C.A. § 636(b)(1)(C) (West Supp.1988); *see* Rule 8(b)(4) of the Rules Governing Section 2255 Proceedings. This Court has conducted a *de novo* review of the Magistrate's M & R.

### 1. THE DEFINITION OF THE TERM "OFFENSE"

In its Response, filed May 5, 1989, the Government essentially withdrew its objection to the Magistrate's conclusion that the term "offense" in section 3147 means a federal offense. The Court, however, has reviewed the Magistrate's findings and conclusions and finds that the Magistrate correctly stated the law. The Court believes that the Magistrate correctly concluded that the offense triggering a sentence enhancement under section 3147 must be a federal offense. The Court finds support for this conclusion in two sources. First, as the Magistrate correctly pointed out, section 3156(a)(2) of Title 18 of the United States Code defines the term "offense" essentially as a federal offense. 18 U.S.C.A. § 3156(a)(2) (West 1988); *see Palacios v. United States*, 678 F.Supp. 588, 590–91 n. 4 (D.Md.), *remanded on other grounds*, 851 F.2d 357 (4th Cir.1988). Second, when applying the sentence enhancement provision of section 3147, courts always have required the offense that a defendant commits while on release to be a federal offense. *See, e.g., United States v. Feldhacker*, 849 F.2d 293, 298 (8th Cir. 1988) (offenses committed on release were perjury before grand jury in violation of 18 U.S.C. § 1623, obstruction of justice in violation of 18 U.S.C. § 1503, and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 845(a)); *United States v. Sink*, 851 F.2d 1120, 1121 (8th Cir.1988) (offense committed on release was credit card fraud in violation of 18 U.S.C. § 1029(a)); *United States v. Rodriguez*, 794 F.2d 24, 25 (2d Cir.1986) (offense committed while on release involved heroin distribution offenses in violation of 21 U.S.C. § 841(a)(1)), *rev'd on other grounds*, 480 U.S. 522, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987); *Palacios*, 678 F.Supp. at 589 (offense committed while on release involved cocaine conspiracy in violation of 21 U.S.C. § 846 and related offenses).

---

**1.** Section 3147 provides in pertinent part:
A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense, to ... a term of imprisonment.... A term of imprisonment imposed under this section shall be consecutive to any other term of imprisonment.

18 U.S.C.A. § 3147 (West 1988).

**2.** Courts almost universally have construed section 3147 as a sentencing enhancement statute, rather than a statute that creates a separate criminal offense. *See United States v. Cooper*, 827 F.2d 991, 993 (4th Cir.1987); *United States v. Feldhacker*, 849 F.2d 293, 299 (8th Cir.1988).

■ The Court, therefore, accepts the Magistrate's findings and conclusions regarding the definition of the term "offense." As the Magistrate correctly concluded, because Count Two of the Indictment fails to allege that Petitioner committed a federal offense while on release, Count Two is so deficient that it cannot support a judgment. *See United States v. Roberts,* 296 F.2d 198, 201 (4th Cir.1961), *cert. denied,* 369 U.S. 867, 82 S.Ct. 1033, 8 L.Ed.2d 85 (1962). Petitioner, therefore, is entitled to relief from the sentence imposed in Count Two. This Court, thus, will vacate the sentence imposed in Count Two.

## 2. THE APPROPRIATE SENTENCE TO BE ENHANCED UNDER SECTION 3147

■ The Court now must address the Government's objection to the Magistrate's conclusion that the sentence to be enhanced by a conviction under section 3147 is the sentence for the offense for which a defendant is on release. After reviewing the record, the Magistrate's M & R, and the applicable law, the Court believes that the appropriate sentence to be enhanced under section 3147 is the sentence for the federal offense committed by a defendant while on release. The Court disagrees with the Magistrate's conclusion for four reasons.

First, the Court believes that the statutory language of section 3147 is plain and unambiguous. The Court believes that the statute, by its very terms, refers to only one offense—the offense which a person committed while on release and for which the person was convicted. The Court, consequently, concludes that section 3147 grants courts the authority to enhance the penalty for an offense committed while on release.

Second, several courts have recognized that the appropriate sentence to be enhanced is the sentence for the offense committed while on release. *See United States v. Meyers,* 842 F.2d 333 (6th Cir. 1988); *United States v. Sink,* 851 F.2d 1120, 1121 (8th Cir.1988); *United States v. Feldhacker,* 849 F.2d 293, 299 (8th Cir. 1988); *United States v. Patterson,* 820

F.2d 1524, 1525 (9th Cir.1987); *Palacios,* 678 F.Supp. at 589; *United States v. Mesa,* 641 F.Supp. 796, 797 (S.D.Fla.1986).

In *Palacios v. United States,* the defendants in 1984 were placed on pre-trial release by the United States District Court for the Southern District of Florida in connection with cocaine conspiracy charges. *Palacios,* 678 F.Supp. at 589. In January 1985 the defendants were indicted in the District of Maryland for cocaine conspiracy and related charges, which offenses occurred while the defendants were on release on the charges in Florida. *Id.* Later in January 1985, the defendants were convicted of the federal charges pending in the Southern District of Florida. *Id.* In July 1985, the defendants pleaded guilty to the charges pending in Maryland. *Id.* The United States District Court for the District of Maryland then sentenced the defendants to five years for the narcotics violations and ten years for committing an offense while on release. *Id.* at 590. The defendants subsequently filed a petition for habeas relief on the ground that the district court lacked the jurisdiction to enhance their sentences under section 3147. *Id.* In denying the defendants habeas relief, the district court in Maryland stated that section 3147 clearly provides "that the sentence enhancement for committing a crime while on release shall be added to the sentence for the crime committed during the release period." *Id.* The defendants-petitioners appealed. *Id.* On appeal, the United States Court of Appeals for the Fourth Circuit stated that "[s]ection 3147 of Title 18 establishes mandatory consecutive penalties for offenses which are committed while on release." *United States v. Palacios,* 88–7053, slip op. at 2 (4th Cir. July 5, 1988) [851 F.2d 357 (table)]. The Fourth Circuit, however, remanded the case on other grounds. *Id.* at 3.

In *United States v. Meyers,* the defendant pleaded guilty in the United States District Court for the Southern District of Ohio to the interstate transportation of a stolen motor vehicle and was sentenced to eighteen months. *United States v. Meyers,* 842 F.2d 333 (6th Cir.1988). The district court found that at the time of the

theft, the defendant was on release for charges pending in the United States District Court for the Northern District of Alabama. *Id.* The district court in Ohio, therefore, imposed a consecutive two-year term of imprisonment on the defendant pursuant to section 3147 in addition to the sentence for the interstate transportation of a stolen motor vehicle. *Id.* The defendant in *Meyers* filed a motion to correct an illegal sentence on the grounds that the district court in Alabama ordering the defendant's release was the appropriate court to enhance the sentence under section 3147. *Id.* The district court denied the defendant's motion and the defendant appealed. *Id.* On appeal, the United States Court of Appeals for the Sixth Circuit stated that:

> [Section 3147] grants to the courts the power to enhance the penalty for an offense committed while on release under the Bail Reform Act of 1984.... [T]he section 3147 enhancement may be applied in connection with sentencing for the offense committed while the defendant was released on bail.

*Id.* The Sixth Circuit, however, vacated the district court's application of the sentence enhancement under section 3147 on other grounds. *Id.*

In *United States v. Sink,* after accepting the defendant's guilty plea for credit card fraud, the district court sentenced the defendant. *Sink,* 851 F.2d at 1121. The district court also concluded that the defendant had committed the subject credit card fraud offense while on release pending service of a sentence for another federal criminal conviction. The Court, consequently, enhanced defendant's sentence for credit card fraud pursuant to section 3147. *Id.* On appeal of the sentence enhancement, the United States Court of Appeals for the Eighth Circuit explicitly affirmed the district court's judgment in all respects. *Id.*

In *United States v. Feldhacker,* a jury convicted the defendants of several counts of perjury before the grand jury, several counts of obstruction of justice, and several counts of distribution of cocaine. *Feldhacker,* 849 F.2d at 295. The district court, however, refused to enhance the defen-

dants' sentences under section 3147 and the Government appealed. *Id.* On appeal the Government contended that the defendants committed the offenses of perjury and obstruction of justice while on bond. *Id.* at 298. After affirming the defendants' convictions and holding that section 3147 provides for an enhancement of sentence when a defendant commits an offense while on release, the Eighth Circuit reversed the district court's refusal to enhance the defendants' sentences pursuant to section 3147 and remanded the case to the district court. *Id.* at 299. The Eighth Circuit instructed the district court to conduct an evidentiary hearing to determine the sole issue of whether the defendants were on bond when the defendants committed offenses for which they had been convicted. *Id.* The Eighth Circuit recognized that the fact of conviction already had been established by the jury. *Id.* The Eighth Circuit then instructed the district court to apply the enhancement of section 3147 if the district court concluded that the defendants were on bond. *Id.*

In *United States v. Patterson,* a jury convicted the defendant of possession of a firearm by a convicted felon. *Patterson,* 820 F.2d at 1525. The district court sentenced the defendant to six months. *Id.* The district court then concluded that the defendant had committed the firearm offense while on release pending the appeal of two previous federal felonies and, therefore, enhanced the defendant's sentence pursuant to section 3147 by a two-year term of imprisonment. *Id.* On appeal of the enhancement portion of the sentence, the United States Court of Appeals for the Ninth Circuit affirmed the judgment of the district court. *Id.* at 1527.

The Court recognizes that the courts in these cases directly did not address the specific issue now before this Court. After reviewing all of the above-cited case law, however, the Court is firmly convinced that these decisions clearly demonstrate that the appropriate sentence to be enhanced is the sentence for the offense committed while on release.

Third, the Court believes that the facts in the above-cited cases demonstrate practical reasons for enhancing the sentence for the offense committed while on release and reasons demonstrating that the Magistrate's conclusion would lead to illogical results. When a defendant already has been convicted and sentenced for the offense for which he had been released pending trial and subsequently is convicted for an offense committed while on pre-trial release, the district court cannot enhance the defendant's sentence for the original offense. To give section 3147 any import, therefore, the district court must enhance the sentence for the offense committed while on release. *See Palacios,* 678 F.Supp. at 589. Further, when the defendant has been released pending appeal and commits another federal offense while on release, the district court again cannot return to the original sentence to apply the sentence enhancement provision of section 3147. To give the enhancement provision of section 3147 substance, the district court must enhance the sentence for the offense committed while on release. *See Patterson,* 820 F.2d at 1525. Moreover, when a defendant is convicted of a federal offense committed while on release, but is acquitted of the original offense for which the defendant had been released or the prosecution dismisses the original offense for which the defendant had been released, a court seeking to apply the sentence enhancement provision of section 3147 would have no sentence to enhance, if the Court were to accept the Magistrate's conclusion.

And, fourth, the Court believes that the legislative history of section 3147 supports the conclusion that the appropriate sentence to be enhanced is the sentence for the offense committed while on release. Courts generally have recognized that Congress enacted the sentence enhancement provision of section 3147 to deter persons who had been released pending disposition of an original case from committing other offenses while on release. *See United States v. DiPasquale,* 864 F.2d 271, 279–80 (3d Cir.1988); *United States v. Rodriguez,* 794 F.2d 24, 25–28 (2d Cir.1986), *rev'd on other grounds,* 480 U.S. 522, 107 S.Ct.

1391, 94 L.Ed.2d 533 (1987). In fact, the Senate Report provides:

> Section 3147 is designed to deter those who would pose a risk to community safety by committing another offense when released under the provisions of Title 18 and to punish those who indeed are convicted of another offense.

*See* S.Rep. No. 225, 98th Cong. 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3217. This Court also concludes that by providing for enhanced sentences in section 3147, Congress intended to deter persons released on one federal offense from committing any additional federal offenses while on release. The Court finds, therefore, that to promote Congress' intent, courts should impose the enhanced punishment for the commission of an additional offense on the sentence for the additional offense, rather than on the sentence for the original offense. It seems appropriate to this Court that because it is the commission of the additional offense by a person on release that Congress is attempting to deter, courts should impose the enhanced sentence on the sentence for the additional offense, when and if a conviction for the additional offense occurs.

The Court thus has four reasons for finding that the appropriate sentence to be enhanced under section 3147 is the sentence for the offense committed while on release: The clear meaning of the language in section 3147, judicial precedent in applying the sentence enhancement provision of section 3147, practical considerations in applying the sentence enhancement provision of section 3147, and Congress' intent in enacting section 3147. Although the Court disagrees with the Magistrate's conclusion concerning the appropriate sentence to be enhanced under section 3147, Petitioner still is entitled to relief because Petitioner's three-year sentence in Count Two was not applied to the sentence for any federal offense committed while on release.

### C. CONCLUSION

Thus, after reviewing *de novo* the Magistrate's M & R, the Court concludes, first, that the term "offense" as used in section

3147 means a federal offense and, second, that the sentence to be enhanced under section 3147 is the sentence for the offense that a defendant committed while on release. The Court does not believe that a hearing is necessary to resolve these issues and will deny the Government's request for a hearing. Because Count Two of the Indictment failed to charge Petitioner with a federal offense and because the sentence imposed in Count Two failed to enhance a sentence for a federal offense committed while on release, the Court must grant Petitioner's Motion as to Count Two and must vacate the three-year sentence imposed by this Court on Count Two.

IT IS ORDERED, THEREFORE, that:
1. The Government's request for a hearing be, and hereby is, DENIED;
2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence as to Count Two be, and hereby is, GRANTED; and
3. Petitioner's sentence imposed for Count Two in the Indictment in case C–CR–87–28 be, and hereby, is VACATED.