**UNITED STATES of America**

v.

**Mark Shane FREDERICKS, Defendant.**

**No. CR–89–127C.**

United States District Court,
W.D. New York.

Nov. 21, 1989.

Dennis C. Vacco, U.S. Atty. (Donald P. Simet, Asst. U.S. Atty., of counsel), Buffalo, N.Y., for U.S.

James P. Harrington, Buffalo, N.Y., for defendant.

## BACKGROUND

CURTIN, District Judge.

Defendant Mark Shane Fredericks pled guilty on August 1, 1989, to a one-count

information charging a violation of 18 U.S.C. § 1708. In essence, the government charged that the defendant had stolen and had fraudulently negotiated a check in the amount of $1,800. The defendant committed the crime while on bail after being sentenced on a felony conviction in another case, *United States v. Fredericks*, CR–87–94E. As part of the plea agreement in the present case, the defendant reserved his right to argue that his sentence was not subject to enhancement under 18 U.S.C. § 3147. *See* Item 3.

## DISCUSSION

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.* ("Act"), as amended in 1986, provides in relevant part:

A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—

(1) a term of imprisonment of not more than ten years if the offense is a felony ...

. . . .

A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

18 U.S.C. § 3147. The defendant contends that his sentence in the present case cannot be enhanced pursuant to the statute because he did not receive notice of that prospect when he was released, arguing that to hold otherwise would violate his right to due process of law. The government argues that such notice is not required and that, in any event, the warnings that the defendant did receive upon being released effectively warned him that he faced an enhanced sentence under § 3147.

18 U.S.C. § 3142(h) provides in relevant part:

**Contents of release order.**—In a release order issued under subsection (b) or (c) of this section, the judicial officer *shall*—

(1) include a written statement that sets forth all the conditions to which the release is subject, in a manner sufficiently clear and specific to serve as a guide for the person's conduct; and

(2) *advise the person of*—

(A) the penalties for violating a condition of release, *including the penalties for committing an offense while on pretrial release....*

(Emphasis added.) At the defendant's pretrial bail hearing in CR–87–94E, a case that involved the interstate transportation of embezzled funds, Magistrate Edmund F. Maxwell apprised the defendant of the conditions of his release:

I do consider this a very serious charge, Mr. Fredericks.... It is incumbent upon you to be available to the Court whenever necessary and as indicated by Mr. Harrington. If you are released, and if you skip, the Government is going to get you again, just as they got you the last time in Florida. You may think you can go to Mexico, but you're going to be caught, and when you are caught, it's going to make it doubly tough on you, because you're going to be charged—a jury if they get any indication that you have fled, are more inclined to find you guilty. *If you do flee and are found guilty, the court's going to be much more inclined to send you away for a substantial period of time on this charge, and as I'm going to explain to you, you will also have a second charge of bail jumping placed against you.* I know that Mr. Harrington has made every effort to secure collateral security on your behalf. Under the circumstances in this case, you're going to be released at this time upon your signing a $10,000 surety bond. The terms are that you appear in this Court whenever directed, either by the Court, the United States Attorney or your own attorney. If you fail to appear, there's going to be a judgment taken against you for $10,000. The Government is going to proceed to collect it in any way legally available to it. In addition to that, you're going to have a warrant issued for your arrest on this money charge. *You're also going to be subject to having a second, separate and distinct charge of bail jumping placed against you.* So all you're going to do is double your troubles if you don't

show up when you're supposed to show up. I'm also going to direct that while this charge is pending, you're not to leave the Western District of New York unless you first have permission of the Court, *and if it's determined that you're engaging in any type of illegal activity you're subject to having your bail revoked, and you will be kept in jail without bail, pending disposition of the case.* I'm also going to direct that ... you are to report to the Pre–Trial Services officer.... Do you have any questions about the terms of this bond?

THE DEFENDANT: No, Your Honor.

THE COURT: You understand what's going to happen to you if you don't obey all of the terms of this bond?

THE DEFENDANT: Yes, sir.

Transcript dated June 18, 1987, at 6–9 (emphasis added). Judge John T. Elfvin later sentenced the defendant in that case, but allowed him to remain free on bail and to surrender voluntarily upon the execution of sentence. While on bail, the defendant committed the crime that led to his plea in the present case.

■ First, contrary to the government's argument, it is clear that the defendant was not "[i]n effect ... advised of the enhancement provided by Section 3147." Item 9 at 7. Although the magistrate did warn the defendant that he faced adverse consequences if he committed an offense while on pretrial release,[1] the only definite penalty mentioned by the magistrate was a monetary judgment in the amount of the defendant's bond. And though the magistrate also told the defendant that failure to appear could result in a separate charge of bail-jumping, the revocation of his bail, and the imposition of a greater sentence than he otherwise would have received on the then-pending charges, no fair reading of these warnings, even in their entirety, establishes that the defendant was notified that he also faced a mandatory enhanced sentence under § 3147.

■ With regard to the underlying question of the applicability of § 3147 in the absence of notice, there presently exists a split of authority among federal courts that have addressed the issue.

In *United States v. Cooper*, 827 F.2d 991 (4th Cir.1987), the United States Court of Appeals for the Fourth Circuit held that a defendant must be specifically warned before he or she can be subjected to an enhanced sentence pursuant to § 3147. *Id.* at 994–95. The Fourth Circuit noted that the Act, unlike a District of Columbia statute upon which it was largely based, does not contain a proviso stating that an enhanced sentence can be imposed even if a releasee was not previously warned of that possibility. *Id.* at 994. After review of the legislative history of the Act, which indicates that Congress specifically noted that a releasee would not have to receive prior notice in order to be separately charged for various crimes committed while on release, the court concluded:

The legislative history is completely silent on the effect of applying the sentence enhancement provisions of § 3147 to one to whom an oral warning of the existence and effect of § 3147 was not given pursuant to § 3142(h). This silence in the face of a model (the District of Columbia statute) which specifically provided that the failure to give notice was not an impediment to sentence enhancement leads us to conclude that Congress did not intend § 3147 to apply [where a warning was not given].

*Id.* at 995. The Fourth Circuit also concurred with the district court's rationale that the rule of lenity applied to ambiguous penal statutes[2] further supported the conclusion that § 3147 required notice. *Id.* The Seventh Circuit, citing *Cooper*, also held that a defendant cannot receive an enhanced sentence under § 3147 unless he or she is warned at the time of release that an additional mandatory prison term will be imposed if a crime is committed while on

---

**1.** The conditions of the defendant's pretrial release applied to the defendant after sentence pursuant to 18 U.S.C. § 3143(a). *See also* Federal Rule of Criminal Procedure 46(c).

**2.** *See Ladner v. United States,* 358 U.S. 169, 177–78, 79 S.Ct. 209, 213–14, 3 L.Ed.2d 199 (1958); *Bell v. United States,* 349 U.S. 81, 83–84, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955).

release. *See United States v. DiCaro*, 852 F.2d 259, 264–65 (7th Cir.1988).

The parties have indicated that two circuits have held that § 3147 does not require notice. In *United States v. DiPasquale*, 864 F.2d 271 (3rd Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989), the Third Circuit rejected *Cooper*, stating that the Fourth Circuit's rationale "reads too much into what was *not* said by the legislative history and reads too little of what *was* said by the statute itself." *Id.* at 281 (emphasis supplied). The court concluded that § 3147 does not require that a releasee be warned before he or she can be subjected to an enhanced sentence pursuant to the statute, emphasizing that a contrary conclusion would be inconsistent with Congress's intent to deter recidivism. *Id.* at 281.

In *United States v. Feldhacker*, 849 F.2d 293 (8th Cir.1988), the Eighth Circuit referred to § 3147 as a "self-executing and mandatory provision of law" that does not require, as the defendants there claimed, "written notice of the government's intent to seek an enhanced sentence under § 3147." *Id.* at 299. It is not clear, however, that the court was addressing the precise question presented in this case.

For example, it appears that the defendants in *Feldhacker* focused their arguments on the form rather than the timing of notice. Here, by contrast, the defendant asserts that he should have received notice at the time of his release.[3] Further evidence that in *Feldhacker* the Eighth Circuit was not addressing the issue presented here is found in Judge Heaney's concurring opinion in *United States v. Sink*, 851 F.2d 1120 (8th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 800, 102 L.Ed.2d 791 (1989). In his concurrence, Judge Heaney, citing *Cooper*, stated that a defendant must receive actual notice of the possible penalties under § 3147. 851 F.2d at 1124.[4] In any event, in *Feldhacker* the Eighth Circuit did not address the legislative history of § 3147.[5]

The government also cites *Palacios v. United States*, 678 F.Supp. 588 (D.Md.), *remanded without opinion*, 851 F.2d 357 (4th Cir.1988). In *Palacios*, the court also rejected *Cooper*, reasoning that Congress's silence on the issue did not mandate that notice was required. *Id.* at 591. As did the Third Circuit in *DiPasquale*, the court emphasized that its conclusion was consistent with Congress's intent in passing the Act. *Id.* at 591–93.[6] Presumably, *Palac-*

---

**3.** The court agrees with the Eighth Circuit's assertion that "[t]he fact that the notice [is] oral instead of written is immaterial. It is the fact and timing of notice, not its form, that matters for due-process purposes." 849 F.2d at 299. However, in *Feldhacker* the court noted that

> it is conceded that the government told defendants during pre-trial negotiations that it intended to rely, in the event of a conviction, on the sentence-enhancement provisions of § 3147. Defendants do not claim that this notice was inadequate in the sense that it left them with insufficient time to prepare a defense to the government's assertion that § 3147 would apply in the event of a conviction.

849 F.2d at 299. By focusing on the failure of the defendants in that case to claim that the pretrial notice they received did not leave them sufficient time to counter the government's legal arguments regarding the applicability of § 3147, the court in *Feldhacker* missed a fundamental point. The pivotal inquiry concerning the demands of due process is whether a defendant must be given notice *before committing a crime* that he or she faces an enhanced sentence under § 3147.

**4.** *Feldhacker* and *Sink* were decided by different panels of the Eighth Circuit.

**5.** The defendant cites *Sink* as holding that notice is not required, but that case dealt with a different issue—whether § 3147 creates a separate crime that has to be presented separately to a grand jury and proven beyond a reasonable doubt at trial. In rejecting Sink's argument, *see* 851 F.2d at 1121, the Eighth Circuit relied on its recent opinion in *Feldhacker*, which had held that § 3147 merely provides for an enhancement of sentence rather than for the creation of a separate offense. *See* 849 F.2d at 298–99.

**6.** It is not clear that the court in *Palacios* properly read the holding in *Cooper*. For example, the court states at one point that it "agrees with the Fourth Circuit that the legislative history is silent regarding whether the notice requirements must be fulfilled *to prosecute a defendant for committing a crime while on release,*" and at another refers to "the Fourth Circuit's finding that Congress required satisfaction of the notice requirements of 18 U.S.C. § 3142(h) *to prosecute a defendant for violating his release conditions.*" 678 F.Supp. at 592 (emphasis added). First,

*ios* was remanded for failure to follow the Fourth Circuit's holding in *Cooper*.[7]

The only Second Circuit case cited by the parties, *United States v. Rodriguez,* 794 F.2d 24 (2d Cir.1986), *rev'd,* 480 U.S. 522, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987) (per curiam), is inapposite. First, the case was reversed, a fact that neither party has noted. In any event, that case did not address the present issue. The question in *Rodriguez* was whether a sentencing judge could suspend the *execution* of a sentence imposed under § 3147, a question that the Supreme Court answered in the affirmative. As the defendant acknowledges, the Second Circuit's opinion referred to the issue of notice only "in passing." *See* Item 8 at 3.

The reasoning of *DiPasquale* and *Palacios* is simply not persuasive. On the other hand, the court in *Cooper* appears to have done a very careful and compelling analysis of the legislative history of § 3147. This is particularly true in light of the recent admonition by the Supreme Court in reversing the Second Circuit in *Rodriguez:*

> Additionally, and most impermissibly, the Court of Appeals relied on its understanding of the broad purposes of the [Comprehensive Crime Control Act of 1984], which included decreasing the frequency with which persons on pretrial release commit crimes and diminishing the sentencing discretion of judges. But no legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice— and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law. Where, as here, "the language of a provision ... is sufficiently clear in its context and not at odds with the legislative history, ... '[there is no occasion] to examine the additional considerations of "policy" ... that may have influenced the lawmakers in their formulation of the statute.' "

*Rodriguez v. United States,* 480 U.S. at 525–26, 107 S.Ct. at 1393 (emphasis supplied) (citations omitted). This reasoning is equally applicable here, as the courts in *DiPasquale* and *Palacios* relied heavily on the policy of deterrence behind the relevant provisions of the Act. But the plain language of § 3142(h)(2)(A) and the overall legislative history of the Act indicate that the analysis by the Fourth Circuit in *Cooper* was correct. Consequently, the defendant here should not be subjected to a mandatory consecutive sentence pursuant to § 3147 because he was not notified at the time of his release, or at any time thereafter prior to commission of the crime charged in the present information, that he would receive such a sentence for an offense committed while on release.[8]

The defendant shall be sentenced on November 30, 1989, at 9:00 a.m.

So ordered.

---

prosecuting a defendant for committing a crime while on release and punishing him or her for violating release conditions are two distinct matters, although the same act can result in both consequences. Second, the relevant issue in *Cooper* did not involve the government's power to "prosecute" a releasee for his actions; rather, it involved whether notice was required to *enhance* a defendant's sentence for an offense that he had committed while on release. *See United States v. Feldhacker,* 849 F.2d at 298–99 (§ 3147 provides for enhancement of a sentence rather than creation of a separate offense that

must be separately charged). *But see United States v. Sink,* 851 F.2d at 1121–25 (Heaney, J., concurring).

7. The government did not indicate in its brief that *Palacios* had been remanded. *See* Item 9 at 5.

8. In light of the court's holding, it is unnecessary to decide whether due process requires the notice that the court has determined is due the defendant as a matter of statutory construction.