UNITED STATES of America, Appellee,

v.

Michael MOORE, Appellant.

No. 81–5210.

United States Court of Appeals,
Fourth Circuit.

Argued March 10, 1983.

Decided June 22, 1983.

Certiorari Denied Oct. 3, 1983.
See 104 S.Ct. 192.

David Carey Woll, Rockville, Md., for appellant.

Andre M. Davis, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and ALDRICH,* Senior Circuit Judge.

ERVIN, Circuit Judge:

Michael Moore was convicted of the armed robbery of a federally insured savings and loan institution, in violation of 18 U.S.C. §§ 2113(a), (b), and (d). On appeal Moore argues that the validity of that conviction is undermined by errors in the conduct of the trial. We disagree, and affirm.

■ Over the objections of Moore's counsel, the district court allowed the government to introduce photocopies of both sides of a piece of paper found in the wallet of another alleged participant in the robbery, Aaron Hudnall. The original had been returned to Hudnall. Telephone numbers on the paper linked Moore to the robbery. Moore contends that these exhibits should have been excluded under the "best evidence rule" embodied in Federal Rule of Evidence 1003. That rule states:

> A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

According to Moore, it was unfair to permit the jury to rely on the government's assurance that the photocopies were accurate when it was the government's action—returning the piece of paper to a criminal suspect—which made the original unavailable. However, Hudnall himself identified the photocopies as accurate copies of the original and Moore introduced no evidence that drew the photocopies' authenticity into doubt. Moore also relies on *United States v. Alexander,* 326 F.2d 736 (4th Cir.1964), in

* Honorable Bailey Aldrich, United States Circuit Judge for the First Circuit, sitting by designa-

tion.

which this court held inadmissible a photocopy of a check. However, the dispute in *Alexander* concerned the fact that the photocopy did not reproduce *all* of the check, and the case is therefore inapposite.[1] Therefore, since no genuine question of authenticity or unfairness has been raised, the photocopies were admissible under Rule 1003.

■ Moore argues that the district court erred in denying his mistrial motion made during the direct examination of a government witness, an agent of the Federal Bureau of Investigation. The motion was prompted by the agent's reference to Moore as a fugitive. Although the court refused to grant the motion, at the request of the defense attorney it did instruct the jury to disregard the agent's remark. This, absent other indications of prejudice or evidence of intentional prosecutorial misconduct, was sufficient to cure any unfairness to Moore. *United States v. Johnson,* 610 F.2d 194, 197 (4th Cir.1979).

Moore's final contention on appeal is that the fairness of his trial was fatally compromised by the government's closing argument. During the trial the government had called to testify Hudnall, Moore's alleged accomplice. On the witness stand Hudnall repudiated his earlier statements implicating Moore, claiming instead that a different Michael Moore had taken part in the robbery. The government, alleging surprise, was then permitted to attempt to draw out contradictions in Hudnall's various statements. During his closing argument, the prosecutor referred to Hudnall's differing accounts of the robbery, and repeatedly stated that Hudnall had "insulted" the jury by "walk[ing] in here with a straight face [and telling] the most incredible lies." Defense counsel's objection to these conclusory statements of the prosecutor's opinion was overruled.

■ It was of course permissible, indeed it was good trial advocacy, for the government to stress to the jury the inconsistencies and improbabilities in Hudnall's testimony. However, we think that in this case the prosecutor strayed close to, if not beyond, the outer limits of proper argument. The ethical canons of our profession prohibit the direct expression of an advocate's opinion as to the veracity of a witness. *See* Ethical Canon 7–24, Maryland Code of Professional Responsibility, and Rule 3.4(e) of the American Bar Association's proposed Model Rules of Professional Conduct. The prejudice which may result from such expression falls into two categories. One is that, because of his position, the jury may tend to give weight to the United States Attorney's personal views, an extreme example of which is illustrated in *Greenberg v. United States,* 280 F.2d 472, 474–75 (1st Cir.1960). The second is where the jury may infer, from the form of counsel's language, that he had access to extra-judicial information, not available to the jury. *See Patriarca v. United States,* 402 F.2d 314, 321 (1st Cir.1968), *cert. denied,* 393 U.S. 1022, 89 S.Ct. 633, 21 L.Ed.2d 567. When such an implication is given, it is peculiarly prejudicial. The latter was not this case; the court's response to the objection, that counsel's remark was "argument," made this entirely apparent. Indeed, to a sophisticated listener, the court's reply might mean, "counsel is simply arguing that this is what, on the evidence, you should conclude." However, expressed in the form of his personal belief, it was argument of a type that can render a trial fundamentally unfair. It would have been much better if the court had immediately corrected and cautioned counsel. Instead, counsel continued to offend in the same manner. Even on appeal, the government seeks to justify its position.

■ Particularly with such repetition to the jury, this is a close case. Nevertheless,

1. *See* Fed.R.Evid. 1003, Advisory Committee's Note, which specifically cites *Alexander* for the following proposition:
    "Other reasons for requiring the original may be present when only a part of the original is reproduced and the remainder is needed for cross-examination or may disclose matters qualifying the part offered or otherwise useful to the opposing party."

despite the impropriety of the prosecutor's argument, we do not find a denial of due process in the government's conduct in this case. Reading the record as a whole, we are convinced that Moore was not prejudiced substantially by the prosecutor's remarks, particularly in light of the fact that the district court gave a curative instruction that "helped dispel any improper inferences the jurors might have drawn." *United States v. Swinehart,* 617 F.2d 336, 340 (3d Cir.1980).[2]

The judgment of the district court is AFFIRMED.

---

**2.** The district court specifically and correctly instructed the jury at length as to the proper manner of considering Hudnall's testimony, reminding the jurors that it was solely the province of the jury to determine Hudnall's credibility. The court also gave general instructions on the nature of statements by counsel and on the jury's responsibility for judging witnesses' credibility. Finally, the prosecutor himself reminded the jury during his closing argument that his remarks were not evidence.