**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Vernon COOPER, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Vernon COOPER, Defendant-Appellee.**

**Nos. 86–5663(L), 86–5676.**

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1987.

Decided Sept. 4, 1987.

---

Thomas Francis O'Neil, III, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., on brief), for defendant-appellant.

Kenneth Michael Robinson (Dennis M. Hart, Washington, D.C., on brief), for plaintiff-appellee.

Before WINTER, Chief Judge, SPROUSE and CHAPMAN, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

After having been convicted and sentenced early in 1984 for income tax evasion and while released on bail pending appeal under the provisions of the Bail Reform Act of 1966, Vernon Cooper was convicted on July 7, 1986 of possession of cocaine and possession of a firearm by a convicted felon. After the 1984 conviction but prior to the 1986 conviction, the Bail Reform Act of 1984 became effective, and it mandated enhanced sentences for the conviction of crimes when committed while the offender is "released pursuant to this chapter ..." 18 U.S.C. § 3147. The government sought an enhanced sentence for the 1986 convictions, but the district court ruled that as a matter of statutory construction the 1984 Act was inapplicable and did not apply

retroactively. The government appeals this ruling.

Cooper also appeals contending that a search warrant under which evidence was procured that was used to convict him did not issue upon a showing of probable cause and that there were reversible errors in the conduct of his trial.

We think that neither appeal is meritorious. We affirm the judgment of the district court, albeit for reasons slightly different from those assigned by it as to why Cooper should not receive an enhanced sentence.

## I.

We consider first the government's appeal. The operative facts are simple. Cooper was found guilty of income tax evasion, and he was sentenced on April 5, 1984. On his motion, his pretrial release under the Bail Reform Act of 1966 was continued pending appeal.

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq.* became effective on October 12, 1984. It introduced into the existing statute a new provision, § 3147, requiring that a person "released under this chapter" who commits another offense shall receive an enhanced sentence upon conviction of the other offense.[1] As will later be shown to be significant, § 3142, relating to release of a defendant pending trial, requires, for every such release, not only that the release be subject to the condition "that the person not commit a Federal, State, or local crime during the period of release," § 3142(c)(1)(A), and further that the conditions of release be set forth in a written statement "in a manner sufficiently clear and specific to serve as a guide for the person's conduct",

§ 3142(h)(1), but also that the judicial officer authorizing release advise the person of "the penalties for violating a condition of release, *including the penalties for committing an offense while on pretrial release ...*" § 3142(h)(2)(A) (emphasis added).

Since Cooper's release on bail and his continued release pending appeal on the income tax charges occurred before the effective date of the 1984 Bail Reform Act, it is undisputed that when the orders authorizing him to be free were entered, he did not receive the specific advice that conviction of another crime committed while he was at liberty thereunder would subject him to an enhanced sentence.

On March 1, 1986, Cooper, while at liberty under the orders entered pursuant to the 1966 Bail Reform Act, was arrested on charges of possession of a firearm by a convicted felon and possession with the intent to distribute cocaine.[2] By this date, the 1984 Bail Reform Act was in effect. Cooper was tried under a superseding indictment and convicted on July 16, 1986. In connection with this conviction the government had filed a notice of additional penalties pursuant to 18 U.S.C. § 3147 and Cooper had filed a motion to prohibit the enhancement of penalties. The district court ultimately ruled that § 3147 was inapplicable to Cooper under the facts set forth above.

The district court in making this ruling first rejected Cooper's contention that retroactive application of the enhancement penalty would violate the ex post facto clause of the constitution, and it also rejected the contention that since Cooper had received no actual notice of the change in

1. The text of § 3147 is as follows:
   **§ 3147. Penalty for an offense committed while on release**
   A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense, to—
   (1) a term of imprisonment of not less than two years and not more than ten years if the offense is a felony; or
   (2) a term of imprisonment of not less than ninety days and not more than one year if the offense is a misdemeanor.

A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

2. Cooper had also been indicted on August 21, 1984 for violations of federal firearms laws, but he was found not guilty in February, 1985. To complete his history of criminal infractions, we state also that we affirmed his income tax convictions on February 18, 1986 and denied rehearing on May 20, 1986.

the law to permit enhancement of his sentence, he was denied due process of law. As to the former, it was of the view that reference to the release under the 1966 Bail Reform Act to serve as a basis for enhancement under the 1984 Act would be constitutionally permissible with regard to crimes committed after the effective date of the 1984 Act. As to the latter, it thought that due process did not require actual notice, in addition to constructive notice. However, as a matter of statutory construction, the district court held § 3147 inapplicable. The essence of its opinion was that § 3142 requires notice to the releasee of sentence enhancement if he commits and is convicted of another crime while on release, and while Congress did not specify the effect on sentence enhancement of the failure to give such notice, its silence and the rule of lenity to be applied in construing ambiguous penal statutes lead to the conclusion that § 3147 was inapplicable on these facts.

### II.

■ We agree with the conclusion of the district court because we perceive even stronger evidence than it did that Congress did not intend § 3147 to apply when the notice requirements of § 3142 were not fulfilled.

The legislative history of the 1984 Act discloses significant facts. First it shows that the legislation was based in large part on the then-existing District of Columbia Release and Detention statute, D.C.Code Ann. §§ 23–1321 *et seq. See e.g.,* S.Rep. No. 225, 98th Cong., 2d Session (1984), *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3188, 3190–91, 3195, 3200, 3203–04, 3209. The District of Columbia statute requires that the release of an accused shall be on conditions fixed by the court and that the judicial officer authorizing the release "shall inform such person of the penalties applicable to violations of the conditions of his release" and "shall warn" him of the enhancement of penalties for conviction of a crime committed while released. § 23–1321(c). The enhancement penalties are prescribed in § 23–1328 and, of great importance, that section also provides

The giving of a warning to the person when released of the penalties imposed by this section shall not be a prerequisite to the application of this section.

§ 23–1328(b). *By contrast the 1984 Act omits any comparable provision.*

We cannot presume that the omission occurred as a result of oversight. The problem of the legal effect of the failure to warn a releasee of the consequences of a violation of the conditions on which he was released was a matter discussed in the Senate Report. There, speaking of the government's right to *prosecute* a releasee for an additional crime committed during his release, the Committee said:

Subsection (h) provides that in issuing an order of release under subsection (b) or (c), the judicial officer is to include a written statement setting forth all the conditions of release in a clear and specific manner. He is also required to advise the person of the penalties applicable to a violation of the conditions and that a warrant for his arrest will be issued immediately upon such violation. A similar provision exists in current law. However, failure to render such advice is not a bar or defense to prosecution for bail jumping under § 3146, as amended by this title. This principle is in keeping with the intent of Congress in enacting the Bail Reform Act and the judicial interpretation of the Act. The purpose of such advice is solely to impress upon the person the seriousness of failing to appear when required; such warnings were never intended to be a prerequisite to a bail jumping prosecution. Subsection (h) also requires the court to advise a defendant being released of the provisions of 18 U.S.C. 1503, 1510, 1512, and 1513 dealing with penalties for tampering with a witness, victim, or informant. This is intended to impress on the defendant the seriousness of such conduct. The issuance of such a warning is not a prerequisite to a prosecution under these sections of title 18 designed to protect witnesses, victims, and informants.

S.Rep. No. 225 at 25; 1984 U.S.Code Cong. & Admin.News 3182 at 3208 (footnote omitted).

The legislative history is completely silent on the effect of applying the sentence enhancement provisions of § 3147 to one to whom an oral warning of the existence and effect of § 3147 was not given pursuant to § 3142(h). This silence in the face of a model (the District of Columbia statute) which specifically provided that the failure to give notice was not an impediment to sentence enhancement leads us to conclude that Congress did not intend § 3147 to apply to this case, where the warning was not given and, indeed, could not have been given because it was not yet part of the law. For this reason as well as those advanced by it, we think that the district court correctly ruled that Cooper's sentence may not be enhanced.

### III.

Cooper's appeal requires little discussion. The affidavit on which the search warrant was issued was based upon an informant's tip, and the test is whether the "totality of the circumstances" set forth in the affidavit indicate that there was probable cause. *Illinois v. Gates*, 462 U.S. 213, 230–39, 103 S.Ct. 2317, 2328–33, 76 L.Ed.2d 527 (1983). The affidavit established that an informant called a police officer to say that he had seen Cooper sell drugs at 517 Shady Glen Drive, that the informant had been reliable in the past, and that the purchaser of the drugs was a fugitive in a drug-related homicide case. We do not think it was fatally flawed because it contained some inaccuracies or because it was signed by an officer who did not speak to the informant directly. In any case, we think the record reflects that the warrant was obtained and executed in good faith. *See United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

We perceive no support in the record for Cooper's contention that he did not receive a fair trial. The burdens imposed on counsel to document their objections were not unreasonable, and we think it quite improper for Cooper's counsel to argue that they should have received special consideration because they did not maintain an office where the court was held when they elected to practice in a jurisdiction other than the one in which they maintained an office.

We also see no reversible error in the district court's evidentiary rulings. The bulletproof vest and the make-believe Uzi weapon were admissible to show that Cooper was involved in the drug trade. *See, e.g., United States v. Collazo*, 732 F.2d 1200, 1206 (4 Cir.1984), *cert. denied*, 469 U.S. 1105, 105 S.Ct. 777, 83 L.Ed.2d 773 (1985). We think also that the district court did not abuse its discretion in permitting a DEA agent to express his opinion as to Cooper's place of residence. The evidence was relevant as to whether Cooper possessed the contraband at 517 Shady Glen Drive, Capitol Heights, Maryland, and the agent who had seen Cooper at that address many times was competent to express an opinion.

Finally, we agree with Cooper that the prosecutor engaged in an improper excess of advocacy when he called defense witnesses "liars." The argument was quite improper—although perhaps well-founded—but it most certainly was not reversible error, *see United States v. Moore*, 710 F.2d 157, 159 (4 Cir.) *cert. denied*, 464 U.S. 862, 104 S.Ct. 192, 78 L.Ed.2d 169 (1983), especially when it was provoked by defense counsel and the district court pointedly admonished the jury that counsel's characterizations of credibility were argument and not evidence.

AFFIRMED.