851 F.2d 357
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arturo Jose PALACIOS; Jaime Palacios, a/k/a James B.
Palacios, Defendants- Appellants.
 No. 88-7053.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 24, 1988.
Decided: July 5, 1988.
 
 Marvin D. Miller, on brief, for appellants.
 Breckinridge L. Willcox, United States Attorney; Barbara S. Sale, Assistant United States Attorney; Annabelle L. Lisic, Law Clerk, on brief, for appellee.
 Before HARRISON L. WINTER, Chief Judge, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Arturo Palacios and James Palacios appeal seeking to set aside a ten-year enhancement of their sentences imposed on them under 18 U.S.C. Sec. 3147 when they were each sentenced to a term of five years upon their pleas of guilty to charges of conspiracy to distribute cocaine.
 
 
 2
 We think that their appeals are meritorious, and we remand their cases to the district court with directions to strike the enhancement of their sentences.
 
 
 3
 Defendants were admitted to bail in August 1984 by the United States District Court for the Southern District of Florida and released pending trial under the 1966 Bail Reform Act. While on pretrial release, they were indicted in the United States District Court of Maryland for criminal activity which occurred after the October 12, 1984 effective date of the Bail Reform Act of 1984. Section 3147 of Title 18 establishes mandatory consecutive penalties for offenses which are committed while on release.
 
 
 4
 Convicted in Florida, the Florida district court did not seek to enhance their sentences under Sec. 3147, but when they pled guilty in the Maryland district court, it imposed on each defendant an initial sentence of five years and an enhancement of ten years.
 
 
 5
 In United States v. Cooper, 827 F.2d 991 (4 Cir.1987), we held that Sec. 3147 could not apply to one who had not been warned at the time of his initial release of the consequence of sentence enhancement if he committed another crime while released. Since the giving of such a warning was not required by the 1966 Bail Reform Act, the practical effect of Cooper was to hold that Sec. 3147 could not apply to an accused who was afforded pretrial release before October 12, 1984, the effective date of the Bail Reform Act of 1984.
 
 
 6
 After we decided Cooper, defendants unsuccessfully sought to have the enhancement of their sentences set aside both by motion under Rule 35(a), F.R.Crim.P., and 28 U.S.C. Sec. 2255. Over the objections of the government, the district court purported to distinguish Cooper and denied relief.
 
 
 7
 Before us the government, with commendable candor, concedes that Cooper is indistinguishable. We agree. We remand the cases to the district court with directions to strike the ten-year enhancement of defendants' sentences. Because Cooper was so recently decided we do not think that the decisional process would be aided by oral argument. In view of our disposition of these cases, we do not consider defendants' additional argument that only the Florida court would have jurisdiction under Sec. 3147 to enforce its provisions.
 
 
 8
 REMANDED WITH DIRECTIONS.