911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Coleman MARTIN, a/k/a Abdul Suluki, Defendant-Appellant.
 No. 90-5471.
 United States Court of Appeals, Fourth Circuit.
 Argued June 8, 1990.
Decided Aug. 3, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (CR-89-303-3)
 John Herman Hare, Federal Public Defender, Columbia, S.C., for appellant.
 David Jarlath Slattery, Assistant United States Attorney, Columbia, S.C., (argued), for appellee; E. Bart Daniel, United States Attorney, Columbia, S.C., on brief.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, HALL, Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This case presents the question of whether the district court, which permitted a convicted defendant to remain free on bond pending the service of his sentence, provided the defendant with appropriate notice of the consequences and penalties for violating a condition of his release, including enhanced sentences for the commission of another crime while released from custody. Having reviewed the record on appeal, we believe that adequate notice was given to the defendant in this case.
 
 I.
 
 2
 In June of 1988, Abdul Baaquee Suluki ("Suluki"), a/k/a Coleman Martin, was convicted of possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(2). The district court sentenced him to ten months' imprisonment in August of 1988. Pursuant to the Bail Reform Act of 1984, 18 U.S.C. Secs. 3141 et seq. (the "Act"), the district court released Suluki on bond pending the commencement of his prison term on October 31, 1988.
 
 
 3
 Apparently, Suluki never reported to his assigned prison on the date decreed by the court. Instead, he rented an automobile from Sand Dollar Car Rental of Columbia, South Carolina, and drove to New York City with his son.[1] Suluki never returned the car to the rental agency. Although he claimed it was stolen in New York, he never reported the theft to police, and it had been ticketed in October of 1988 for illegal parking near the home of his ex-wife.
 
 
 4
 On October 4, 1989, Suluki was indicted by a grand jury on two criminal counts: (1) failing to surrender for the service of a sentence in violation of 18 U.S.C. Sec. 3146; and (2) knowingly transporting a stolen vehicle across state lines, and commission of a criminal offense while on release in violation of 18 U.S.C. Secs. 2312 and 3147. On October 27, 1989, Suluki entered a guilty plea on the stolen vehicle count in exchange for the dismissal of the failure to surrender count.
 
 
 5
 The district court sentenced Suluki on March 1, 1990, to a twelve-month term of imprisonment to be followed by three years of supervised release. In sentencing Suluki, the court fixed his base offense level at 4 for the stolen vehicle offense,[2] increased it by two levels to account for the value of the rental car,[3] and raised it an additional three levels for committing the offense while on release.[4] Moreover, the lower court computed a criminal history score of 2 points for the original drug conviction,[5] and increased it by two points because Suluki had committed an offense while under a criminal justice sentence.[6]
 
 
 6
 Suluki now appeals from the enhanced sentence imposed by the district court, contending that the releasing court (for the drug offense) failed to provide him with sufficient notice that he could be held responsible for violating the terms of his release as required by this court's decision in United States v. Cooper, 827 F.2d 991 (4th Cir.1987).
 
 II.
 
 7
 Any person who commits a criminal offense while released from custody pursuant to the Act is subject to an enhanced sentence upon conviction of that offense. 18 U.S.C. Sec. 3147; United States v. Cooper, 827 F.2d 991, 993 (4th Cir.1987). An enhanced sentence may be imposed, however, only if the releasing court provided the defendant with "a written statement that sets forth all the conditions to which the release is subject, in a manner sufficiently clear and specific to serve as a guide for the person's conduct," and further advised the defendant of, inter alia, "the penalties for violating a condition of release, including the penalties for committing an offense while on pretrial release." 18 U.S.C. Sec. 3142(h)(1) & (h)(2)(A); see also Cooper, 827 F.2d at 993.
 
 
 8
 In Cooper, this court examined the statutory origins of the Act, and concluded that Congress did not intend the enhanced sentencing provisions of section 3147 to apply in cases where the notice and warning requirements of section 3142 were not fulfilled. 827 F.2d at 994, 995. Thus, the principal issue on appeal is whether the district court provided Suluki with the type of notice required by the Act at the time of his release on the drug conviction, thereby permitting the court to impose an enhanced sentence on the stolen vehicle offense due to a violation of the terms of his release.
 
 
 9
 The following excerpt from the district court transcript includes the warning given to Suluki and his son by Magistrate Herlong prior to their release from custody. We believe that it provides adequate notice of the consequences that would result from a violation of the terms of the release.
 
 
 10
 Now, I want to tell you something, both of you, it is unfortunate for you the jury decided against you and found you guilty, which mandates that you will have to be sentenced. What sentence you will get I don't know. Whether the guidelines, as your attorneys will talk to you about, whether they apply or not I don't know. Even if the guidelines appear [sic], I know enough about guideline sentencing to tell you that the sentencing judge still has a good bit of discretion as to what kind of sentence to give you, both of you. I tell you that to caution you, for goodness sake don't mess up and fail to appear, or try to run out and skip and be caught. If you do, not only is it going to impact upon the sentence that the court will give you for your conviction, but you will be charged again for another crime.
 
 
 11
 Do both of you understand that?
 
 
 12
 Joint Appendix at 5, 29 (emphasis added). Suluki responded to the court's question in the affirmative. We hold that the foregoing warning was adequate as a matter of law under this court's decision in Cooper.
 
 
 13
 As a final matter, Suluki also insists that his criminal history score should not have been increased by two points because the stolen vehicle offense had not been committed while he was "under a criminal justice sentence" as provided under section 4A1.1(d) of the federal sentencing guidelines,[7] but rather while he was awaiting the commencement of his sentence. This argument is without merit. The ten-month sentence for the drug conviction had been imposed by Judge Henderson prior to Suluki's release on bond by Magistrate Herlong. Thus, Suluki stole the rental car after he had been sentenced by the district court on the drug conviction. Accordingly, the district court's upward adjustment to Suluki's criminal history calculation was appropriate under the guidelines.
 
 
 14
 For the foregoing reasons, the decision of the district court is hereby
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Suluki's son was a co-defendant in the drug case, and was ordered to seek treatment through a community drug rehabilitation program in New York City
 
 
 [2]
 See Section 2B1.1(a) of the federal sentencing guidelines
 
 
 [3]
 See Section 2B1.1(b)(1)(C) of the guidelines
 
 
 [4]
 See Section 2J1.7 of the guidelines
 
 
 [5]
 See Section 4A1.1(b) of the guidelines
 
 
 [6]
 See Section 4A1.1(d) of the guidelines
 
 
 [7]
 That provision states: "Two points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. For the purposes of this item, a 'criminal justice sentence' means a sentence countable under Sec. 4A1.2 (Definitions and Instructions for Computing Criminal History)."