8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Illya Aristotle DAVIS, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Dana HARRIS, Defendant-Appellant.
 Nos. 92-5620, 92-5621.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 30, 1993.
Decided: November 2, 1993.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CR-91-177-R)
 ARGUED: Sara Ellen Kopecki, BHT Legal, Alexandria, Virginia, for Appellants.
 Sherrill A. LaPrade, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 ON BRIEF: Robert N. Pollard, III, Christian, Markham & Anderson, Richmond, Virginia, for Appellant Davis.
 Kenneth E. Melson, United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court (sitting by designation); WILKINSON and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This is a direct appeal from a drug trial. A jury convicted Illya Davis and Dana Harris of one count of conspiracy to possess with the intent to distribute and to distribute cocaine base ("crack") in violation of 21 U.S.C.A. § 846 (West 1981 & Supp. 1993). The district court sentenced Davis to 168 months of incarceration. It sentenced Harris to 151 months of incarceration.[1] Davis and Harris appeal certain aspects of their joint trial and request a new trial. We affirm.
 
 I.
 
 2
 Davis and Harris are brothers. In December of 1991, a grand jury in Richmond, Virginia, indicted them on four drug-related counts. The first count charged Davis and Harris with conspiring, from on or about January 1988 until on or about the date of the indictment, to possess with the intent to distribute and to distribute crack. The remaining three counts charged possession of controlled substances with the intent to distribute.[2] At the conclusion of the Government's case, the district court granted the prosecutor's motion to dismiss count three and Davis's motion for judgment of acquittal as to count four. At the conclusion of all the evidence, the jury convicted Davis and Harris of the conspiracy charged in count one and acquitted them of count two. They appeal the conviction.
 
 
 3
 At trial, the Government relied on the testimony of several cooperating witnesses and police officers. The cooperating witnesses were Anthony Style and Charles Style, who are cousins of Davis and Harris, and Marvin Clarke. Anthony Style and Charles Style are serving respective fifteen-and-a-half-year sentences on federal drug violations and testified in the hope of receiving a reduction in their sentences. Clarke is serving a forty-year sentence on state drug charges. He testified in the hope that the government would not bring federal charges against him for his participation in the conspiracy charged against Davis and Harris.
 
 
 4
 Anthony Style testified that Davis, Harris, and he obtained their drugs from Charles Style (Anthony's brother) in New York. Charles Style testified that he bought an estimated total of ten kilograms of cocaine for Davis and Harris. Marvin Clarke testified that he worked for Davis and Harris-he held and distributed their drugs. Davis also gave him a beeper, on which Clarke testified he would receive orders for Appellants' drug deliveries. Clarke further testified that Harris and Davis used Clarke's house to cook the powdered cocaine into crack.
 
 
 5
 There was also evidence concerning a jewelry store owned by Davis, Harris, and Anthony Style. The store sold big, heavy jewelry that is apparently popular among young people. Anthony Style testified that the store was financed with the proceeds of drug sales. In October of 1990, police seized between $13,000 and $26,000 worth of jewelry from Davis's house pursuant to a search warrant. A civil proceeding resulted in the forfeiture to the United States of the jewelry as drug proceeds.
 
 
 6
 Both Defendants testified that they were not involved in drug dealing and that the store was a legitimate business financed by money earned from legitimate jobs. They stated that the testimony of the Style brothers and Clarke was not true.
 
 II.
 
 7
 Appellants Davis and Harris contend that certain comments by the prosecutor violated their rights to due process and a fair trial. "The line separating acceptable from improper advocacy is not easily drawn; there is often a gray zone." United States v. Young, 470 U.S. 1, 7 (1985). Relevant factors to determine whether prosecutorial comments are reversible error are: "(1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters." United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir. 1983) (citing United States v. Leon, 534 F.2d 667, 679 (6th Cir. 1976)), cert. denied, Wissler v. United States, 466 U.S. 972 (1984); accord United States v. Curry, 993 F.2d 43, 45-46 (4th Cir. 1993).
 
 A.
 
 8
 Defense counsel below objected to only one of the prosecutor's comments. If an objection to a prosecutor's conduct is timely made at trial, the appropriate standard of review is harmless error. Fed. R. Civ. P. 52(a); Young, 470 U.S. at 13 n.10 (citing United States v. Hasting, 461 U.S. 499 (1983)). As such, we address this contention first.
 
 
 9
 Davis and Harris claim that the prosecutor made improper arguments on rebuttal by raising theories that he did not argue in his initial closing, preventing Appellants from having a chance to respond. One of the claimed errors is the prosecutor's response to a chart prepared by defense counsel. During Harris's closing argument, defense counsel presented a chart representing the defense's version of a drug conspiracy that did not involve either Davis or Harris. The chart was composed of the names of the cooperating witnesses and other individuals. In rebuttal, the prosecutor speculated that for defense counsel to compile the chart, Davis and Harris must have given him the names of the individuals in the drug network. Appellants claim that this remark amounts to a new prosecution theory based on Defendants' "insider knowledge."
 
 
 10
 Defense counsel timely and unsuccessfully objected to this line of argument. His objection was not based on the ground that the comment raised a new theory, but on the ground that it was not supported by the evidence. Even assuming that the claim now raised was preserved and, as such, is subject to the harmless error standard of review, the claim is unavailing. The prosecutor was attempting to refute defense counsel's closing, the purpose of rebuttal. Even assuming that the comment was improper argument, it was harmless. Absent this comment by the prosecutor, there was ample evidence from which the jury could find Appellants guilty. See Curry, 993 F.2d at 46; United States v. Goff, 847 F.2d 149, 165 (5th Cir.), cert. denied, 488 U.S. 932 (1988).
 
 B.
 
 11
 The other comments of which Appellants complain are reversible only if they are plain errors that affect substantial rights. Fed. R. Civ. P. 52(b); United States v. Olano, 113 S. Ct. 1770, 1776 (1993). In this case, the Appellants bear the burden of making a"specific showing of prejudice to satisfy the 'affecting substantial rights' prong of Rule 52(b)." Id. at 1778. Correction of plain errors that affect substantial rights is not mandatory, but rests within our sound discretion. Id. at 1778-79. The discretion should not be exercised unless the prosecutor's conduct, when viewed in context of the whole trial, " 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " Id. at 1779 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). None of the prosecutor's comments warrants reversal under this standard, and only several of Appellants' claims merit discussion.
 
 
 12
 Appellants primarily contend that the prosecutor improperly bolstered his witnesses and his case. Appellants cite as an example of allegedly improper argument the prosecutor's statement in closing that "in order to believe that these Defendants are not guilty, you have to believe that the United States Government, myself, Agent Mark James, Detective Daryl Alston, and everyone else associated with this case from a prosecutorial standpoint suborned perjury and orchestrated some grand conspiracy to put these people in jail." App. at 363. Davis and Harris did not object at trial. They now contend that these remarks left the jury with the impression that to acquit Appellants they "would have to abandon confidence in the integrity of the government." Appellant's Brief at 29.
 
 
 13
 These remarks by the prosecutor are close to, if not in, the gray zone between proper and improper argument. See Goff, 847 F.2d at 164. Nevertheless, even assuming that the comments were improper, they were invited by one of the defense counsel's opening remarks, in which he intimated that there was a conspiracy to convict his client. In addition, the district court properly instructed the jury that arguments of counsel are not evidence. As such, and based on our review of the record, the prosecutor's comments did not amount to reversible plain error. See Harrison, 716 F.2d at 1052-53.
 
 
 14
 Appellants also argue that the prosecutor improperly bolstered his witnesses by stating in his closing that: "Ask yourself about the testimony of Charles Style. He clearly was an articulate and honest, in my opinion, witness. A witness who told the truth as he perceived it. Both the Style brothers did." App. at 364.
 
 
 15
 "[T]he direct expression of an advocate's opinion as to the veracity of a witness is prohibited." United States v. Taylor, 900 F.2d 779, 782 (4th Cir. 1990) (citing United States v. Moore, 710 F.2d 157, 159 (4th Cir.), cert. denied, 464 U.S. 862 (1983)). This remark by the prosecutor, however, does not amount to reversible plain error when viewed in the context of his entire argument. The remark was in response to attacks by defense counsel on the credibility of the cooperating witnesses. See Harrison, 716 F.2d at 1052. The prosecutor mitigated his improper conduct by referring several times in his closing to the jury's duty to weigh credibility. In addition, the Court's instructions properly advised the jury of the cooperating witnesses' possible interest in the case, and warned the jury to receive their testimony "with caution" and to evaluate their testimony "with great care."
 
 
 16
 Appellants raise additional contentions regarding the prosecutor's conduct to which no objection was made at trial. Therefore, as to these contentions, as with the ones specifically addressed above, Appellants bear "the burden of persuasion with respect to prejudice." Olano, 113 S. Ct. at 1778. We find that Appellants have not shown that any of the prosecutor's comments, or their cumulative effect, affected their "substantial rights." See id. Moreover, even if such a showing had been made, we would decline to exercise our discretion to reverse. See id. at 1778-79. The comments, when viewed in context of the whole trial, did not "undermine the fundamental fairness of the trial and contribute to a miscarriage of justice." Young, 470 U.S. at 16. Most of the prosecutor's comments were invited responses to arguments of defense counsel. Indeed, defense counsel only objected at trial to one of the remarks. Furthermore, the trial judge properly instructed the jurors that the statements of counsel were not evidence, and that they were to base their decision on the evidence alone. As such, we find no reversible error.
 
 III.
 
 17
 Davis and Harris claim that the Government relied at trial on a different conspiracy than the one charged in the indictment. We subject this claim to plain error analysis as Appellants did not raise it below. Fed. R. Crim. P. 52(b).
 
 
 18
 This claim is meritless. A variance between the indictment and proof occurs when "the evidence offered at trial proves facts materially different from those alleged in the indictment." United States v. Helmsley, 941 F.2d 71, 89 (2d Cir. 1991), cert. denied, 112 S. Ct. 1162 (1992). On cross-examination of a government witness, defense counsel elicited testimony of a separate conspiracy which involved drug dealing and two drive-by shootings, one of which involved a murder. On re-direct, the prosecutor elicited testimony that the actions described on cross-examination had nothing to do with Appellants. This was proper. Moreover, although subsequent testimony in the Government's case referred to some of the individuals in the other conspiracy, the Government's proof at trial was consistent with the conspiracy charged in the indictment.
 
 IV.
 
 19
 Finally, Appellants claim that they received ineffective assistance of counsel. "The rule in this circuit is that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992) (citations omitted), cert. denied, 113 S. Ct. 1342 (1993). Such is not the case here. Indeed, at least several of the alleged errors by counsel appear to be tactical decisions. "Defense counsel should be given an opportunity to explain the reasons for his actions or inactions challenged by [appellants]." United States v. Percy, 765 F.2d 1199, 1205 (4th Cir. 1985) (citations omitted). Accordingly, we decline to review this claim.
 
 V.
 
 20
 In sum, the prosecutor's remarks did not infringe upon the right of Appellants to a fair trial. There was no variance from the indictment, and we decline to consider the ineffective assistance claim. Accordingly, the verdicts are
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 Both Appellants' incarceration will be followed by five years of supervised release
 
 
 [2]
 The first three counts charged both Defendants; count four charged only Davis