39 F.3d 1178
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy FALLS, a/k/a Robert Falls, Defendant-Appellant.
 No. 93-5446.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 28, 1993.
Decided Oct. 25, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Senior District Judge. (CR-92-180-3-P)
 Lawrence W. Hewitt, James, McElroy & Diehl, P.A., Charlotte, NC, for appellant.
 Jerry W. Miller, U.S. Atty., Patrice P. Lewis, Asst. U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER, Circuit Judge, and PHILLIPS and SPROUSE, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Randy Falls seeks review of a district court judgment entered pursuant to a jury verdict finding him guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g) (Supp.1993). Falls was arrested pursuant to a warrant at a Charlotte apartment leased in the name of Benjamin Blake. When Charlotte police officers arrived at the apartment to serve the warrant, Falls opened the door, allowed the officers to come inside, and signed a consent form permitting the officers to search the apartment. During the search, the officers found two pistols and a rifle in one of the two bedrooms of the apartment. Falls, a convicted felon, was subsequently taken into custody.
 
 
 2
 Although Falls contends that the evidence was insufficient to support a finding that he constructively possessed the firearms in question, we find that, viewing the evidence in a light most favorable to the government, substantial evidence supports the jury's verdict. See United States v. Paz, 927 F.2d 176, 178 (4th Cir.1991). Contrary to Falls's assertions that there was no evidence that he resided at the apartment where the guns were found, the record discloses ample evidence from which the jury could reasonably conclude that he did. Falls kept furniture and clothing in the apartment. He granted police permission to search the apartment. During the search, the officer who found the rifle called out that he had found an assault rifle, and Falls corrected him, stating that it was a .22 caliber rifle. Finally, one law enforcement official testified that on the day of his arrest, Falls told him that he was "staying with Ben." This evidence was, alone, sufficient to support the jury's verdict.
 
 
 3
 The government was permitted to read into the record a statement taken by police and signed by Ben Blake the day after Falls's arrest. This statement said that Falls was staying with Blake at the apartment, and that Falls had a key, helped Blake pay the bills, and controlled the residence in Blake's absence. Because Blake denied making the statement, it was not admitted into evidence for the truth of the matters stated therein, but the district court permitted its admission for purposes of impeaching Blake's trial testimony that Falls did not reside in the apartment with him.
 
 
 4
 During its deliberations, the jury requested to hear Blake's statement again. Prior to reading it, the district court explained, as it had prior to the first reading of the statement, that the statement was only to be evaluated for impeachment purposes. The district court judge then added, "The question for you is the credibility of it; was he telling the truth then or is he telling the truth now? ..."
 
 
 5
 We agree with Falls's contention that this statement improperly implicitly cast doubt upon the credibility of Blake's claim that police rather than he supplied the information in the statement, and that although he signed the statement he did not read it. The district court's comment assumes that Blake must have been untruthful either at the time he made the statement or at the time of his testimony. We note, however, that counsel raised no objection to the court's instruction at trial. The question therefore becomes whether the district court's comment constitutes "plain error."
 
 
 6
 To demonstrate plain error, the defendant must demonstrate that the error affected the outcome of the proceedings. See United States v. Chandler, 996 F.2d 1073, 1086 (11th Cir.1993). Viewing the record as a whole, we find no error of such magnitude. As we have discussed, the government presented a strong case, separate and apart from Blake's statement, to contradict Blake's testimony and establish constructive possession. Moreover, the district court's lone comment was counteracted by numerous curative instructions which clearly informed the jury of its exclusive responsibility to determine the credibility of witnesses, and that it should not assume from any comments made by the district court during the trial that the judge held any opinion whatsoever concerning any issue in the case. See United States v. Cooper, 827 F.2d 991, 995 (4th Cir.1987); United States v. Carter, 528 F.2d 844, 851-52 (8th Cir.1975). The district court's judgment is therefore affirmed.
 
 AFFIRMED