**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4150**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JONATHAN ANTHONY LEE TORRES,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:06-cr-00255)

Submitted:  May 15, 2008                    Decided:  June 16, 2008

Before WILKINSON and MOTZ, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John C. Hunter, THE JOHN C. HUNTER LAW FIRM, PLLC, Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Don D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Anthony Lee Torres appeals his conviction and 100-month sentence for possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Finding no reversible error, we affirm.

I.  Prosecutorial Misconduct

Torres first alleges on appeal that the United States Attorney committed prosecutorial misconduct by (1) improperly and prejudicially commenting on the credibility of his sole exculpatory witness, Gail Barnette, and implying extrajudicial information proved her testimony was false, and (2) intimidating Barnette prior to trial, thereby effectively denying Torres his right to a fair trial.  To establish prosecutorial misconduct, a defendant must show that the prosecutor's conduct or remarks were improper, and that the conduct or remarks prejudicially affected his substantial rights so as to deprive him of a fair trial.  United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999).

The Assistant United States Attorney did not state that Barnette had lied either during cross-examination or closing arguments.  Rather, in response to Barnette's indication that the prosecutor had threatened her and scared her into changing her story, he cross—examined her regarding their conversation the morning of trial, eliciting Barnette's acknowledgment that he had

- 2 -

told her he did not believe her new, inconsistent statement, and that if she lied on the stand and he could prove it, she could be prosecuted for perjury. During closing arguments, the prosecutor stated several times that Barnette's testimony was "inherently incredible" and "unbelievable," and followed those statements with a recitation of the evidence supporting his contentions. He again recounted his conversation with Barnette the morning of trial, stating:

> I told her, and she confirmed this with you, that I simply told her I didn't believe what she was telling me, and I summed up the evidence for her that you heard yesterday, and I told her that if she lied –- I didn't tell her that if she said what she told me she would be indicted for perjury. I told her "If you lie under oath about anything and we can prove it, you'll be indicted for perjury." This was no surprise to her. And, in fact, she admitted that.

During the Assistant United States Attorney's closing statements, the court instructed the jury: "Members of the jury, you'll take your own recollection as to what the evidence was in the case and not that urged upon you by either counsel." The prosecutor also informed the jury: "anything I say about this conversation is based not on what I remember, but based on what she said on the stand. If you remember it differently, please, you know, go with your recollections." The district court reenforced this point, instructing the jury that: "You are the sole judges of credibility of the witnesses in this trial and the weight that their testimony deserves. You may believe all, a part, or none of

- 3 -

what a witness said." In addition, the court instructed the jury: "If a lawyer asked a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyers' statements are not evidence."

We find the prosecutor's statements properly "stress[ed] to the jury the inconsistencies and improbabilities in [Barnette's] testimony." United States v. Moore, 710 F.2d 157, 159 (4th Cir. 1983). Further, his statements did not substantially prejudice Torres, especially given the district court's instruction to the jury that it was solely up to them to determine witness credibility. See id. at 159-60. We also find the Assistant United States Attorney did not imply to the jury that he was relying on extrajudical evidence to inform Barnette during their meeting that he knew she was lying.

Next, we find that the Assistant United States Attorney's warning to Barnette against committing perjury did not amount to substantial witness interference. See Bank of Nova Scotia v. United States, 487 U.S. 250, 262 (1988) (holding warning to attorney implying client would be subject to prosecution for perjury if the witness testified was not improper and did not give rise to a finding of prejudice); United States v. Washington, 398 F.3d 306, 310 (4th Cir. 2005) (upholding district court's finding that "the prosecutor's statement that [the witness] possibly faced prosecution for perjury or obstruction of justice by repudiating

his earlier statements was, in these circumstances, the act of a prudent prosecutor.").

## II. Exclusion of Witness Testimony

Torres next contends the district court erred by excluding as irrelevant the testimony of his parents. This court reviews a district court's evidentiary ruling on the exclusion of evidence for an abuse of discretion. United States v. Fulks, 454 F.3d 410, 434 (4th Cir. 2006), cert. denied, 127 S. Ct. 3002 (2007). Although a defendant has a constitutional right to present evidence in his favor, see United States v. Moussaoui, 382 F.3d 453, 471 (4th Cir. 2004), "a defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial." United States v. Prince-Oyibo, 320 F.3d 494, 501 (4th Cir. 2003) (citing Taylor v. Illinois, 484 U.S. 400, 410 (1988)).

We find Torres fails to demonstrate that the district court abused its discretion in excluding testimony about Torres' parents' alleged past encounters concerning a traffic ticket and a motor vehicle accident with one of the arresting officers. See United States v. Leeson, 453 F.3d 631, 636 (4th Cir. 2006) ("Federal Rule of Evidence 401 defines relevant evidence as 'evidence having any tendency to make the existence of any fact

that is of consequence . . . more probable or less probable than it would be without the evidence.'") (quoting Fed. R. Evid. 401), cert. denied, 127 S. Ct. 1874 (2007).

### III.  Upward Departure on Sentencing

Torres argues the district court failed to provide adequate notice of its intent to depart from the guidelines. Federal Rule of Criminal Procedure 32(h) requires the sentencing court give the parties reasonable notice when it is considering a departure on a ground not identified as a possible basis for departure either in the presentence report or in a party's prehearing submission.  We find Torres had adequate notice the court would consider an upward departure at sentencing.  The Government requested an upward departure prior to sentencing in its objections to the presentence report, to which Torres responded. While the probation officer did not adopt the Government's view, it noted that the position of the Government would be "provided to the court for consideration at sentencing."  The Government restated its intent to seek an upward departure in its sentencing memorandum.  Torres thus had sufficient notice the court would consider the Government's request for an upward departure at sentencing.

Next, Torres argues the district court erroneously based its decision to depart upwardly on evidence of prior arrests that

did not result in convictions. A departure pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3 (2006) is encouraged, provided that the criminal history category does not account adequately for the defendant's past criminal conduct or the likelihood that he will commit other crimes. See United States v. Dixon, 318 F.3d 585, 588 (4th Cir. 2003). However, a "prior arrest record itself shall not be considered for purposes of an upward departure." USSG § 4A1.3(a)(3) (2006).

The district court improperly considered Torres' prior arrests. We find the error harmless, however, because the district court relied primarily on Torres' extensive criminal history, including probation violations, revocations, and history of assaulting law enforcement officers, in deciding to depart, and thus the record supports the upward departure without consideration of Torres' prior arrests. See United States v. Left Hand Bull, 477 F.3d 518, 520-21 (8th Cir. 2006) (holding district court's reliance on prior arrests harmless where court relied primarily on defendant's "extensive criminal history and supervised release violations. The record supports the upward departure, without consideration of his arrest record or warrants"), cert. denied, 127 S. Ct. 3072 (2007); United States v. Hawk Wing, 433 F.3d 622, 629 (8th Cir. 2006) ("[W]e conclude that the district court had adequate grounds to depart upward despite its error in considering the prior arrests for which the PSR did not set forth the factual

details."); <u>United States v. Matheny</u>, 450 F.3d 633, 642-43 (6th Cir. 2006) (finding that although the district court committed error in considering a prior arrest, the error did not require reversal because the error did not affect defendant's substantial rights since the record otherwise supported the upward departure).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
